UNITED STATES of America,
Plaintiff–Appellee,

v.

Cynthia BUTLER, Defendant–
Appellant.

No. 03–5449.

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

* The Honorable William J. Haynes, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation.

Camille R. McMullen, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Ted I. Jones, Vaughn, Hall, Jones & VanDeveer, Memphis, TN, for Defendant–Appellant.

Before BOGGS, Chief Judge; MOORE, Circuit Judge; and QUIST, District Judge.*

### ORDER

Cynthia Butler, represented by counsel, appeals from her judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Butler of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced her to 70 months of imprisonment.

Butler has filed a timely appeal, essentially arguing that the pistol seized from her did not meet the statutory definition of a firearm.

The government presented sufficient evidence to support Butler's conviction for being a felon in possession of a firearm. Butler argues that the pistol seized from her did not meet the statutory definition of a firearm because the firing pin was broken, rendering the weapon inoperable.

Butler's insufficiency of the evidence argument lacks merit. A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir.1998). The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Samuels*, 308 F.3d 662, 666 (6th Cir.2002), *cert. denied*, 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). In order to obtain a conviction for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the United States was required to prove that: 1) Butler was convicted of a felony punishable by imprisonment for more than one year; 2) Butler knowingly possessed the firearm specified in the indictment; and 3) the firearm specified in the indictment traveled in or affected interstate commerce. *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991). Pursuant to 18 U.S.C. § 921, the term "firearm" means: (a) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (b) the frame or receiver of any such weapon; (c) any firearm muffler or firearm silencer; or (d) any destructive device. Such term does not include an antique firearm. However, Butler concedes that this court has held that a weapon does not need to be operable to be considered a firearm. *See United States v. Yannott*, 42 F.3d 999, 1006 (6th Cir.1994). In *Yannott*, this court concluded that a broken firing pin only temporarily alters a weapon's capability and does not so alter the weapon's design that it no longer serves the purpose for which it was originally designed. *Id.*

A review of the record clearly reflects that the government presented ample evidence to support Butler's § 922(g) conviction. Butler stipulated that she was a felon and that the weapon in question had traveled in interstate commerce. Further-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

more, the government presented testimony establishing that the weapon meets the definition of a firearm set forth in § 921(a)(3). The government called Earl Griffith, an expert in firearm technology and interstate nexus, and he identified the weapon as a Guardian .25 caliber semi-automatic pistol. He testified that he discovered that the weapon had a broken firing pin, but that once he replaced the firing pin and loaded the weapon it "functionally fire[d] a projectile by action of an explosive." He also testified that a replacement firing pin could be purchased at any gun store across the country for approximately ten dollars. Finally, Griffith identified the frame or receiver of the weapon. Hence, the weapon seized from Butler clearly constitutes a firearm, even though it had a broken firing pin.

Accordingly, we affirm the judgment of conviction and sentence.